■ In the Matter of RITA BRAZ, Respondent, v YAKOV SHVARTSMAN, Appellant. [752 NYS2d 376] —In a proceeding pursuant to CPLR 5206 (e) to enforce two judgments by confession, Yakov Shvartsman appeals from (1) an order of the Supreme Court, Richmond County (J. Leone, J.), entered January 22, 2001, which denied his cross motion to dismiss the petition and directed the sale of his homestead, and (2) an order of the same court (Sangiorgio, J.), entered June 7, 2001, which granted the petitioner's unopposed motion to correct the legal description of the premises to be sold contained in the first order.

Ordered that the appeal from the order entered June 7, 2001, is dismissed; and it is further,

Ordered that the order entered January 22, 2001, is reversed, on the law, the order entered June 7, 2001, is vacated, the cross motion is granted, and the petition is dismissed; and it is further,

Ordered that one bill of costs is awarded to the appellant.

No appeal lies from an order made upon the default of the appealing party (*see* CPLR 5511). The proper procedure was for the appellant to move to vacate his default and, if neces-

sary, to appeal from the denial of that motion (see *Grober v Busigo*, 133 AD2d 389; *Imor v Imor*, 114 AD2d 552; *Calvagno v Nationwide Mut. Fire Ins. Co.*, 110 AD2d 741).

The Supreme Court erred in denying the appellant's cross motion to dismiss the proceeding. The record establishes that on January 7, 1999, the petitioner purchased two index numbers and filed two judgments by confession with the Richmond County Clerk. On or about October 20, 2000, the petitioner served upon the attorney for the defendant a petition under one of the index numbers obtained in January 1999, seeking the sale of the appellant's homestead to satisfy the judgments by confession. Because the petitioner failed to secure a new index number, the petition was never properly commenced against the appellant (see CPLR 306-a). The petitioner contends that the purchase of a new index number and commencement of a special proceeding was unnecessary because the sale of a homestead pursuant to CPLR 5206 (e) is an enforcement device which does not require the commencement of a new proceeding and the purchase of a new index number. However, enforcement devices do not include the sale of a homestead (see CPLR 5222-5231). Accordingly, the Supreme Court should have dismissed the proceeding.

In view of our determination, it is unnecessary to reach the appellant's remaining contentions. Santucci, J.P., Feuerstein, O'Brien and Schmidt, JJ., concur.